Approved: _____
JEFFREY C. COFFMAN
Assistant United States Attorney

Before: THE HONORABLE ~~ONA T. WANG~~ STEWART D. AARON
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

  - v. -

GREGORY PRICE,

         Defendant.

- - - - - - - - - - - - - - - - - - - - - X

SEALED COMPLAINT

Violations of
18 U.S.C. §§ 1951
and 2.

COUNTY OF OFFENSE:
NEW YORK

SOUTHERN DISTRICT OF NEW YORK, ss.:

WILLIAM J. PUSKAS, being duly sworn, deposes and says that he is a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and charges as follows:

## COUNT ONE
(Hobbs Act Robbery)

1.  On or about March 14, 2018, in the Southern District of New York, GREGORY PRICE, the defendant, willfully and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, on or about March 14, 2018, PRICE robbed a commercial establishment in Manhattan, New York.

(Title 18, United States Code, Sections 1951(a) and 2.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

2.  I am a Detective with the New York City Police Department ("NYPD") and a Task Force Officer with the ATF. I have been personally involved in the investigation of this matter, and I base this affidavit on that experience, on my conversations with

other law enforcement, and on my examination of various reports, records, and surveillance videos. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. Based upon my conversations with NYPD officers and my review of reports regarding a robbery of a Ricky's NYC beauty-care store located at 369 3rd Avenue, Manhattan, New York ("Store-1") on or about March 14, 2018, I have learned the following:

a. On or about March 14, 2018, NYPD officers responded to a 9-1-1 call reporting a robbery at Store-1. Upon arriving at Store-1, the officers spoke with the 9-1-1 caller, a female store clerk (the "Victim"), and learned that at approximately 8:51 p.m. a male dressed in black (the "Perpetrator") entered Store-1, brandished what appeared to be a firearm, and told Victim-1 to give him all the money in the register and the safe. The Perpetrator then took approximately $217 from Store-1 and fled.

b. NYPD officers obtained surveillance videos from the vicinity of Store-1 for the date and approximate time of the robbery (the "Store-1 Surveillance Videos").

4. Based on my review of the Store-1 Surveillance Videos, I have observed, in substance and in part, that the Perpetrator entered Store-1 dressed in a black coat, black jeans, black gloves, a black scarf, and a black watch cap, and exited Store-1 a short time later.

5. Based upon my conversations with NYPD officers and my review of NYPD reports, I have learned that on or about April 16, 2018, at approximately 12:51 p.m., GREGORY PRICE, the defendant, attempted to rob a Vivi Bubble Tea store in Brooklyn, New York ("Store-2"). Shortly before the attempted robbery of Store-2, an employee of another nearby business alerted an off-duty NYPD officer that he or she had spotted a man that he or she believed was depicted in an NYPD flyer and wanted in connection with a string of prior robberies. Plainclothes NYPD officers responded to the location where that man, PRICE, had been spotted. The NYPD officers followed PRICE to Store-2, where they observed PRICE pull a ski mask over his face and enter Store-2. Inside Store-2, PRICE handed a bag to a female store employee ("Victim-2"), pointed what appeared to be a firearm from inside his jacket pocket at Victim-

2, and demanded that Victim-2 place money into the bag. As NYPD officers entered Store-2, PRICE ran into Store-2's kitchen area. PRICE then came back out of the kitchen area. NYPD officers observed that PRICE was holding what appeared to be a firearm, and told PRICE to drop the gun. PRICE yelled "I don't give a fuck," and ran into a bathroom, locking the door. NYPD officers broke into the bathroom, where they observed PRICE attempting to flush the black ski mask down the toilet. Also inside the bathroom, NYPD officers recovered the bag PRICE had handed to Victim-2 and, from the floor of the bathroom, a black glue gun wrapped in black tape. NYPD officers took PRICE into custody.

6. On April 16 and April 17, 2018, I interviewed GREGORY PRICE, the defendant, after he was advised of and waived his Miranda rights. On April 17, 2018, in substance and in part, PRICE told me that he had committed a series of robberies in Manhattan and Brooklyn, New York, from at least March 11 through April 16, 2018.

7. On April 17, 2018, I showed PRICE still images of the Perpetrator from the Store-1 Surveillance Videos. PRICE confirmed that he was the person depicted in the images and that he had committed the March 14, 2018 robbery of Store-1.

8. Based on my interviews of GREGORY PRICE and my review of the Store-1 Surveillance Videos, I believe that PRICE bears a resemblance to the Perpetrator captured on the Store-1 Surveillance Videos.

WHEREFORE, deponent respectfully requests that GREGORY PRICE, the defendant, be imprisoned or bailed, as the case may be.

William J. Puskas
Task Force Officer
Bureau of Alcohol, Tobacco,
Firearms, and Explosives

Sworn to before me this
18th day of April, 2018

THE HONORABLE ~~ONA T. WANG~~ STEWART P. AARON
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

3